UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**
SEP 15 2011
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

Tyrone Briscoe,  )
　　　　　　　　　)
　　Plaintiff,　　)
　　　　　　　　　)
v.　　　　　　　　)　Civil Action No. 11 1675
　　　　　　　　　)
Chief Judge Annice M. Wagner et al., )
　　　　　　　　　)
　　Defendants. )

## MEMORANDUM OPINION

This action, brought *pro se*, is before the Court on its initial review of the complaint, which is accompanied by an application to proceed *in forma pauperis*. Because the instant complaint presents claims that were or could have been raised in a previous action, the Court will dismiss this action on the ground that it is procedurally barred.

Under the doctrine of *res judicata*, a final judgment on the merits in one action "bars any further claim based on the same 'nucleus of facts' . . . ." *Page v. United States*, 729 F.2d 818, 820 (D.C. Cir. 1984) (quoting *Expert Elec., Inc. v. Levine*, 554 F.2d 1227, 1234 (D.C. Cir. 1977)). *Res judicata* bars the relitigation "of issues that were or *could have been raised* in [the prior] action" by the same parties or their privies. *Drake v. FAA*, 291 F.3d 59, 66 (D.C. Cir. 2002) (emphasis in original) (quoting *Allen v. McCurry*, 449 U.S. 90, 94 (1980)); *see I.A.M. Nat'l Pension Fund v. Indus. Gear Mfg. Co.*, 723 F.2d 944, 949 (D.C. Cir. 1983) (noting that *res judicata* "forecloses all that which might have been litigated previously"); accord *Crowder v. Bierman, Geesing, and Ward LLC*, 713 F. Supp. 2d 6, 10 (D.D.C. 2010).

Plaintiff is a District of Columbia prisoner confined at the United States Penitentiary McCreary in Pine Knot, Kentucky. Invoking 42 U.S.C. § 1983, plaintiff sues former Chief Judge Annice M. Wagner of the District of Columbia Court of Appeals, former Assistant United States



3

Attorney ("AUSA") John Fisher, AUSA James Sweeney, and attorneys Kenneth A. Rosenau and Susan H. Rosenau, both of whom were appointed in 2001 to represent the plaintiff in his criminal appeal before the D.C. Court of Appeals. *See* Complaint ("Compl.") Attachment (Nov. 21, 2001 Order). In addition, plaintiff sues the "Clerk, United States Court of Appeals," Compl. Caption, who is identified in the body of the complaint as the "Chief Clerk" of the District of Columbia Court of Appeals, Compl. at 6, alleging only that "individuals working as assistant clerk [sic] discarded and destroyed motions file[d] by [plaintiff] in a timely fashion." Compl. at 5. Plaintiff "seeks to have the original indictment dismissed [and] feel[s] strongly that he is entitled to obtain his liberty." *Id.* at 6.

The instant complaint presents the same claims that were raised, or could have been raised, in the prior civil action dismissed on May 5, 2010. *See Briscoe v. Wagner*, Civ. Action No. 10-0710 (UNA) (D.D.C., May 5, 2010) (Order and accompanying Memorandum Opinion dismissing case pursuant to 28 U.S.C. § 1915A(b)(1)). Therefore, this case will be dismissed with prejudice.[1] A separate Order accompanies this Memorandum Opinion.

September __9__, 2011   United States District Judge

---

[1] In the dismissed action, the Court, in denying plaintiff's motion to reconsider, stated that plaintiff was free to file a habeas corpus action after he had exhausted his local remedies. *Briscoe v. Wagner*, Civ. Action No. 10-0710 (Order) [Dkt. # 8]; *see also id.* Mem. Op. [Dkt. # 3] at 2 (concluding that the court lacked jurisdiction to entertain a habeas claim based on ineffective assistance of appellate counsel when "plaintiff ha[d] not stated that he moved in the D.C. Court of Appeals to recall the mandate[.]") (citing *Williams v. Martinez*, 586 F.3d 995, 999 (D.C. Cir. 2009)). Presumably, the dismissal of this civil action does not foreclose plaintiff from seeking habeas relief through a properly styled and supported petition under 28 U.S.C. § 2254, mindful of the limited review that statute permits. *See Williams*, 586 F.3d at 1002 (remanding with instructions for the district court "to consider the merits [of petitioner's ineffective assistance of appellate counsel claim] in light of the standard set forth in 28 U.S.C. § 2254.") (citations omitted). Because the named defendants in this action are not proper respondents to a habeas action, *see* 28 U.S.C. § 2243 ("[t]he writ, or order to show cause shall be directed to the person having custody of the person detained"), the stated facts are sketchy, and plaintiff presumably is not foreclosed from filing a habeas action, the Court does not find it in the interests of justice to construe this action as brought in habeas.